UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES,<br><br>        Plaintiff,<br><br>  v.<br><br>NADIA KUZMENKO,<br><br>        Defendant. | No.  2:11-cr-210-JAM<br><br>**ORDER RESCINDING AUTHORIZATION OF DISTRIBUTION OF PRIVATE FUNDS AS TO DEFENDANT NADIA KUZMENKO** |

I.   FACTUAL AND PROCEDURAL BACKGROUND

Defendant Nadia Kuzmenko was found guilty by a jury on 19 counts of wire fraud, mail fraud, and witness tampering, and sentenced by the Court on October 20, 2015 to 96 months imprisonment (Doc. #574).  Judgment was entered on the docket on October 27, 2015 (Doc. #644).  Ms. Kuzmenko filed a notice of appeal that same day (Doc. #646).  On March 16, 2016, the Court entered an order authorizing distribution of available private funds to pay compensation and expenses of Ms. Kuzmenko's court-appointed counsel in the amount of $164,315.55 (Doc. #801).  Five days later, Ms. Kuzmenko filed an ex parte motion for reconsideration of the reimbursement order (Doc. #810).  The

Court directed the parties to file further briefing (Doc. #811), which they timely submitted (Docs. ##822, 828).  Upon reviewing the parties' arguments and evidence, the Court finds this matter suitable for decision without hearing.

## II.   OPINION

Ms. Kuzmenko asks the Court to reconsider its reimbursement order on two bases.  First, she argues that her notice of appeal divested the Court of jurisdiction to enter such an order, and that any such order must have been entered at the time of sentencing, because "[t]his type of order should be considered as part of the sentencing process."  Mot. at 2.  Second, she states that the Court "did not, nor could not," make adequate findings of Ms. Kuzmenko's ability to pay.  Mot. at 3.

### A.   Jurisdiction

In general, a notice of appeal divests a district court of jurisdiction. Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.").  This rule, however, is "not absolute." United States v. Edwards, 800 F.2d 878, 883 (9th Cir. 1986).  "It is designed to avoid the confusion and inefficiency of two courts considering the same issues simultaneously." Masalosalo by Masalosalo v. Stonewall Ins. Co., 718 F.2d 955, 956 (9th Cir. 1983).  A district court therefore retains jurisdiction to rule on ancillary matters not at issue on appeal.  See Edwards, 800 F.2d at 884 (citing Masaloasalo, 718

2

F.2d at 956-57).

Even absent a notice of appeal, "[o]nce a sentence has been imposed . . . it is final, and the trial judge's authority to modify it is narrowly circumscribed." Dolan v. United States, 560 U.S. 605, 622 (2010) (Roberts, J., dissenting) (discussing the rule of finality and its rationale). That is, a district court is without power to "modify a term of imprisonment" except as "expressly permitted by statute or [Federal Rule of Criminal Procedure] 35[.]" 18 U.S.C. § 3582(c).

This Court is not persuaded that either the notice of appeal or the passage time after entry of judgment deprived this Court of jurisdiction over the reimbursement of fees. There is no statutory basis for Ms. Kuzmenko's assertion that the order is "part of the sentencing process." The statute governing reimbursement of fees, 18 U.S.C. § 3006A, untethers the Court's authority over reimbursement from the progress of a criminal case. It provides that a court may authorize payment "at any time" and "[w]henever" the court "finds that funds are available." 18 U.S.C. § 3006A(c), (f). The Court's authority under this provision is therefore not limited to the time of sentencing.

The order moreover did not affect "those aspects of the case involved in the appeal," because the entitlement to a government-funded attorney is a separate matter from the propriety of the conviction and sentence currently pending on appeal. Cf. United States v. Lorenzini, 71 F.3d 1489, 1493 (9th Cir. 1995) (concluding that there is no relationship between repayment of fees and the nature of the crime or the degree of punishment).

The Court therefore holds that the repayment issue is an ancillary matter over which the Court retains jurisdiction.

### B. Ability to Pay

Having established jurisdiction, the Court turns to the defendant's ability to pay. Ms. Kuzmenko contends that the Court should have held a hearing on this issue and that the Court made inadequate findings. The Court disagrees, because in the Ninth Circuit, neither a hearing nor findings on the record are required. See United States v. Nelson, 61 F.3d 914 (9th Cir. 1995) (unpublished); United States v. Behnezhad, 907 F.2d 896, 899 (9th Cir. 1990) abrogated on other grounds by Johnson v. United States, 529 U.S. 694 (2000).

Nonetheless, having reviewed the declaration of Ms. Kuzmenko and the accompanying evidence of her available assets, the Court finds that there is adequate evidence that Ms. Kuzmenko does not have the current ability to pay $164,315.55. See Lorenzini, 71 F.3d at 1494. On this basis, the Court rescinds its order authorizing distribution of Ms. Kuzmenko's funds.

### III. ORDER

For the reasons set forth above, the Court GRANTS the motion for reconsideration. The order filed on March 16, 2016 (Doc. #801) as to Ms. Kuzmenko is hereby rescinded and the hearing on April 26, 2016 is vacated.

IT IS SO ORDERED.

Dated: April 14, 2016

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

4